743 A.2d 907

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Reginald LEWIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 28, 1998.

Decided Jan. 19, 2000.

Robert Brett Dunham, Philadelphia, for R. Lewis.

Catherine Marshall, Philadelphia, for Com.

Robert A. Graci, Harrisburg, for Attorney General's Office.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

Appellant appeals from the lower court's denial of his Post Conviction Relief Act (PCRA) petition claiming that the PCRA court erred in denying the petition without a hearing.[1] We find that the PCRA court acted within its discretion by

---

1. 42 Pa.C.S. § 9541 *et seq.*

denying appellant's petition on the basis of the record before it and, therefore, affirm.

Following a jury trial in 1983, appellant was convicted of first degree murder in connection with the November 1982 stabbing of Christopher Ellis in the Oxford Bar in Philadelphia. This Court affirmed the conviction and judgment of sentence on direct appeal. *Commonwealth v. Lewis*, 523 Pa. 466, 567 A.2d 1376 (1989).

In order to be eligible for relief under the PCRA, appellant must show that his claims have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). Appellant's claim that the prosecution used its peremptory challenges in a racially discriminatory manner was raised on direct appeal and rejected by this Court. *Lewis*, 523 Pa. at 475 n. 3, 567 A.2d at 1381 n. 3. Thus, this issue was previously litigated and cannot be revisited in this appeal. The majority of appellant's remaining claims are waived because they either are not properly layered ineffectiveness claims or because they were not raised at any time prior to this appeal.[2] Pa.R.A.P. 302(a).

2. Appellant, represented by his present counsel, the Center for Legal Education, Advocacy and Defense Assistance, filed an Objection to the PCRA court's notice of intent to dismiss appellant's PCRA petition. In that Objection, appellant raised four issues not previously raised before the PCRA court in the PCRA petition or any of its amendments. All four claims involve ineffectiveness of trial or trial and appellate counsel, but appellant does not allege ineffectiveness of PCRA counsel. Because this Objection was present counsel's first substantive filing in this matter, it was appellant's earliest opportunity to raise ineffectiveness of PCRA counsel. Appellant's failure to allege ineffectiveness of PCRA counsel for failing to raise those four issues in appellant's PCRA petition and amendments constitutes a waiver of the following four claims:

   (1) the prosecutor introduced impermissible victim impact evidence at sentencing in violation of appellant's federal and state constitutional rights;
   (2) the trial court gave a defective reasonable doubt instruction at the guilty phase that was not corrected at the penalty phase;
   (3) the penalty phase jury instructions and verdict sheet indicated that the jury had to find any mitigating circumstances unanimously; and
   (4) the trial court failed to instruct the jury that a sentence of life imprisonment means life without parole.

As we previously held in *Commonwealth v. Pursell,* 555 Pa. 233, 252, 724 A.2d 293, 303 (1999), the PCRA does not resuscitate waived claims, and "relaxed waiver" does not apply to claims made in capital PCRA petitions. The version of the PCRA in effect at the time appellant filed the instant petition provided that an issue is waived "if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter." 42 Pa.C.S. § 9544(b).

Initially, appellant argues that the PCRA court erred in denying his petition without conducting an evidentiary hearing as to appellant's claim that his counsel was ineffective for failing to investigate, discover and present evidence of mental illness. Rule 1509 of the Rules of Criminal Procedure, which governs PCRA petitions in capital cases, authorizes the PCRA court, after a review of the petition, answer and other matters of record, to determine whether an evidentiary hearing is required. The PCRA court in the instant matter determined that appellant's petition could be decided from the existing record and denied appellant's petition without conducting a hearing. Our review of the record before the PCRA court indicates that the PCRA court properly exercised its discretion when denying appellant's petition without an evidentiary hearing.

Appellant raised four additional claims in his brief to this Court that were not raised before the PCRA court in appellant's PCRA petition or any amendments nor in appellant's Objection to the PCRA court's notice of intent to dismiss. Therefore, because the following claims were raised for the first time in this appeal, they are waived:

(1) the trial court's penalty phase jury instructions precluded the jury from considering relevant mitigating evidence;

(2) trial counsel was ineffective for failing to investigate appellant's alibi defense and a potential self-defense defense and for failing to contact witnesses in a timely and effective manner and to prepare the witnesses adequately for trial;

(3) appellant's death sentence is based upon an unconstitutionally vague aggravating circumstance; and

(4) appellant's death sentence should be vacated due to prosecutorial misconduct at the penalty phase.

■ In his PCRA petition, appellant contended that his trial counsel was ineffective for failing to investigate, discover and present evidence at the penalty phase of appellant's trial that appellant was mentally ill.[3] In support of this claim, appellant offered affidavits from a psychiatrist who examined him nearly fifteen years after the murder and concluded that he suffered from brain damage and mental illness at the time of the murder and from family members claiming that appellant was "different" as a child and that he suffered abuse at the hands of his father. Negating appellant's claim, however, is the presentencing mental health evaluation conducted on August 18, 1983, less than one year after the murder, in which the evaluator found that appellant did not manifest any major mental illness that could be a factor in the disposition of his case and that appellant appeared to be competent for sentencing.

Appellant's claim that he suffers from brain damage or serious mental illness is also simply not supported by the record. Appellant played a very active role in his trial and in pre-trial proceedings. At a conference before the court on May 19, 1983, at which appellant's then-appointed counsel sought leave to withdraw, appellant stated that he was "legally astute and legally competent to represent" himself. N.T. 5/19/83 at 6. Throughout the conference, he spoke in a coherent and cogent manner, displaying a good command of language and vocabulary as well as knowledge of the legal process and his constitutional rights. *Id.* at 6–16. Further, appellant testified at a suppression hearing on July 27, 1983, where he also demonstrated clarity of thought and intelligence. N.T. 7/27/83 at 182–220. Appellant also testified at length at his trial regarding his alibi defense, once again showing no signs of brain damage or mental illness but rather appearing intelligent and well-spoken. N.T. 8/10/83 at 1054–1113. Because appellant gave no indication at the time of his trial that he suffered from brain damage or serious mental

3. In a reply brief, appellant raised a variation on this claim—that he displayed grandiose behavior at his trial that should have alerted counsel to his mental illness. Because this was not raised previously, this Court will not consider this argument.

illness, his trial counsel and subsequent appellate counsel cannot be ineffective for failing to investigate, discover and present evidence of such brain damage or mental illness.

■ Appellant raises three claims of ineffective assistance of counsel that were neither waived nor previously litigated.[4] Appellant first claims that his trial and appellate counsel were ineffective for failing to argue that one of the convictions supporting the jury's finding of the aggravating circumstance of a significant history of felony convictions involving the use or threat of violence[5] was invalid. Specifically, appellant argues that his 1977 New Jersey convictions for second degree murder and aggravated assault were invalid because they were the result of his chronic mental illness and the fact that he and his co-defendant were represented by the same attorney. Appellant cites only case law standing for the proposition that a new sentencing hearing is required when the prior conviction which forms the basis for the finding of the aggravating circumstance is reversed, modified or vacated. *See, e.g., Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). He fails to cite any precedent stating that a new sentencing hearing is required where the prior conviction is under attack collaterally, which is the status of his New Jersey convictions.[6] Appellant's New Jersey convictions have not been reversed, modified or vacated; therefore, there is no merit to his argument that they did not form a valid basis for a finding of the aggravating circumstance of a significant history of felony convictions involving the use or threat of violence.

Next, appellant argues that the prosecution suppressed exculpatory evidence relating to appellant's alibi in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215

4.  Each of these claims of ineffectiveness of counsel is properly layered because appellant has alleged that all counsel subsequent to his trial counsel were ineffective for failing to raise the issue. *Commonwealth v. Chmiel,* 536 Pa. 244, 251, 639 A.2d 9, 12 (1994).

5.  42 Pa.C.S. § 9711(d)(9).

6.  At his sentencing hearing, appellant testified that he pleaded guilty in New Jersey because he was involved in the crimes charged. N.T. 8/12/83 at 1368.

(1963). At the time of appellant's arrest on charges unrelated to the instant murder, he was carrying a briefcase that he alleges contained, among other items, a stub from a bus ticket for a trip from Philadelphia to San Diego. Appellant has always claimed that he was in San Diego at the time of the murder and that the bus ticket would have supported this alibi. Appellant contends that the arresting police officer hid or destroyed the bus ticket, thereby damaging his ability to prove his alibi.

The evidence, however, does not buttress this claim. Appellant stated that he took a Trailways bus to San Diego and a Greyhound bus for the return trip to Philadelphia.[7] The arresting officer testified that he only recalled seeing a Greyhound ticket in the briefcase and specifically recalled seeing the Greyhound logo on the ticket. The ticket did not contain any information regarding date of travel or the point of origin of the travel.[8] The ticket, along with the briefcase and its other contents, was transported with appellant to prison on the day of his arrest and later turned over to appellant's fiancée. The testimony does not support appellant's contention that the bus ticket would have provided him with alibi evidence. In addition, the police did not seize the ticket; rather it remained with the briefcase, which was returned to appellant. There can be no *Brady* violation where the prosecution did not have custody of the ticket and where it would not have provided exculpatory evidence. Thus, appellant's counsel was not ineffective for failing to raise this meritless issue.

Finally, appellant claims that his trial counsel was ineffective because he failed to subpoena appellant's alibi witnesses to appear at trial. Appellant fails to develop this claim in that he names only three potential alibi witnesses, two of whom testified at trial that they either dropped off or picked up

7. N.T. 8/10/83 at 1056. Appellant's testimony was corroborated by Clarence Edwards who testified that he drove appellant to the Trailways bus station on the date of his departure (N.T. 8/9/93 at 841) and appellant's brother who stated that he picked appellant up in San Diego at the Trailways station (N.T. 8/10/83 at 979).

8. N.T. 8/9/83 at 873–73.

appellant at the Trailways bus station. *See* footnote 7. There is no indication in the record or in appellant's PCRA petition or brief indicating that the third, appellant's fiancée, would have been able to offer any evidence relevant to appellant's alibi. Because two of the three witnesses cited by appellant did, in fact, provide alibi evidence and because appellant fails to argue that any other witnesses could have provided supporting testimony, this argument lacks merit, and counsel can not be found ineffective.

The issues raised by appellant in the instant PCRA appeal are either previously litigated, waived, or lacking in merit. Therefore, the PCRA court acted within its discretion by denying appellant's petition without a hearing, and we affirm the order of the PCRA court.