J-S08043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAIAH XAVIER WHITE | : | |
| | : | |
| Appellant | : | No. 2239 EDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001904-2016

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MARCH 15, 2019**

Appellant Isaiah Xavier White appeals from the Order entered in the Court of Common Pleas of Monroe County on June 27, 2018, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

The trial court set forth the brief procedural history and relevant facts herein as follows:

> This matter comes before the [c]ourt on [Appellant's] Motion for Post-Conviction Collateral Relief (hereinafter "PCRA"). In his PCRA, [Appellant] complains that trial counsel, Attorney Jason Allen LaBar of the Monroe County Public Defender, was ineffective by failing to introduce certain evidence which he believes would exonerate him.
> The underlying facts and procedural history are summarized as follows: a Criminal Information was filed on September 27, 2016, charging [Appellant] with Indecent Assault Person Less than 13 years of age, 18 Pa. C.S.A. §3126 (a)(7), (Ml); Involuntary Deviate Sexual Intercourse with Child-Criminal Solicitation, 18 Pa. C.S.A. §902 (a), (Fl); Indecent Exposure, 18 Pa. C.S.A. §3127 (a),

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

\*   Former Justice specially assigned to the Superior Court.

(Ml); Corruption of Minors-Defendant Age 18 or above, 18 Pa. C.S.A. §6301 (a)(l)(ii), (F3); Unlawful Contact with Minor, 18 Pa. C.S.A. §6318 (a)(l). (Fl); Endangering Welfare of Children-Parent/Guardian, 18 Pa. 4304 (a)(l), (F3).

These charges stem from sexual abuse suffered by K.C., age 11, at the hands of [Appellant]. On April 5, 2017, after trial by jury, [Appellant] was found guilty of all charges except Indecent Assault of a Child. On July 10, 2017, we sentenced [Appellant] to an aggregate sentence of not less than 60 months nor more than 120 months. [Appellant] did not dispute his sentence. He did not file for Reconsideration of Sentence or a direct appeal. Instead on July 31, 2017, [Appellant] filed the instant PCRA. On December 8, 2017, we appointed PCRA counsel, Kathleen Walters, and granted leave for the filing of an Amended PCRA, however, there was no amended PCRA filed on [Appellant's] behalf. We scheduled and held a hearing on March 5, 2018.

Trial Court Opinion, filed June 27, 2018, at 1-2.

Following the PCRA hearing, the PCRA court entered its Order denying Appellant's petition on June 27, 2018. Appellant filed a notice of appeal on July 27, 2018. In its Order filed on July 31, 2018, the PCRA court directed Appellant to file a concise statement of the errors complained of on appeal, and Appellant filed the same on August 21, 2018.

In his brief, Appellant presents the following Statement of Question Presented:

Whether the [t]rial [c]ourt erred by denying [Appellant's] PCRA Petition where there was sufficient evidence of ineffective assistance of counsel such that the 3-prong test for ineffective assistance of counsel was met, due specifically to trial counsel's failure to introduce certain exculpatory evidence at the time of trial.

Appellant's Brief at 3.

The Pennsylvania Supreme Court recently reiterated this Court's standard of review of the PCRA court's denial of a PCRA petition and the

elements one must plead and prove to establish a claim of ineffective assistance of counsel in a PCRA petition as follows:

Initially, we note that our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 629 Pa. 572, 105 A.3d 1257, 1265 (2014) (citation omitted).

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Id.** (citation omitted). We have explained that

[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief. **See Commonwealth v. Jones**, 583 Pa. 130, 876 A.2d 380, 385 ( [Pa.] 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they

> effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (some internal quotations and citations omitted).
> "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." **Commonwealth v. Paddy**, 609 Pa. 272, 15 A.3d 431, 443 (2011). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 600 Pa. 1, 963 A.2d 409, 419 (2009) (citation omitted).

**Commonwealth v. Sandusky**, 2019 WL 440996, at *2-3 (Pa.Super. Feb. 5, 2019).

In support of his issue raised on appeal herein, Appellant maintains that he asserted in his PCRA petition the existence of "certain paperwork and witnesses available, including records from his employer, Weis Markets, to prove that he was not living at the complainant's residence during the timeframe of the alleged events, and to show the dates and times that he was working during that timeframe." Appellant's Brief at 10.[2] Appellant further relies on his testimony at the March 5, 2018, PCRA hearing wherein he stated his female probation officer, whose name he could not recall, had

---

[2] We note that while Appellant cites to the Reproduced Record in his appellate brief, no Reproduced Record was filed with this Court.

documentation that would show he was not living at the complainant's home. He also referenced certain notes and files allegedly in the possession of his employer and unnamed witnesses who would have corroborated this evidence. *Id*. (citing N.T. PCRA Hearing, 3/5/18, at 8-9). Appellant further cites to his trial testimony at which time he indicated he had not been living at the victim's residence during the alleged timeframes and disputed the date of a court order concerning his juvenile placement in 2015 which undermined his credibility. *Id*. at 13. Appellant concludes that:

> there was no strategic basis for trial counsel to have omitted the evidence at trial. As stated *supra*, Appellant asserted the existence of work records in the possession of the Monroe County Probation Office which could have confirmed his place of residence and the hours of his employment at the time, which would have had the effect of re-establishing his credibility, and possibly even supported an alibi, therefore confirming that he was not in fact living at the complainant's house, that the complainant was not accurately recalling the facts due to her young age, and there is a reasonable probability that Appellant would have been acquitted on the remaining counts of the information.

*Id*. at 14.

In its Opinion filed pursuant to Pa.R.A.P. 1925(a), the PCRA court reasoned that because the victim was unable to pinpoint a precise timeframe in which the incidents of abuse occurred, despite trial counsel's cross-examination at which time he attempted to elicit when Appellant had been living at her home and when he had been working, it did not believe the evidence to which Appellant referred would have been exculpatory at trial. Trial Court Opinion, filed 6/27/18, at 5-6. The PCRA court found that since

Appellant had failed to establish that counsel's actions or omissions adversely affected the outcome of the proceedings, his ineffective assistance of counsel claim must fail. *Id*.

Upon our review, we conclude that Appellant has not developed or substantiated his bald statements to demonstrate the issues underlying his ineffectiveness claims have merit. While he argues the absence of "certain paperwork" and "available witnesses" was so prejudicial so as to deny him a fair trial, he failed to name the purported witnesses or attach any affidavits to his PCRA petition, nor did he present the alleged witnesses at the PCRA hearing. In addition, he submitted no documentation pertaining to his employment history or his referenced actual address at the time of the incidents along with his PCRA petition, nor did he present the same at the PCRA hearing.

"Claims of ineffective assistance of counsel are not self-proving [.]" *Commonwealth v. Spotz*, 587 Pa. 1, 100, 896 A.2d 1191, 1250 (2006) (citation omitted). The Pennsylvania Supreme Court repeatedly has refused to consider bald, undeveloped allegations of ineffectiveness such as these. *See Commonwealth v. Thomas*, 560 Pa. 249, 256, 744 A.2d 713, 716 (2000) (declining to find counsel ineffective where appellant failed to allege with sufficient specificity facts in support of his claim). Thus, because Appellant has failed to develop his claim with sufficient specificity, we find it waived, and there is no basis upon which to upset the PCRA court's finding

that Appellant was not entitled to relief on this issue. *See Paddy*, *supra* at 292, 15 A.3d at 443 (stating "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.").

Furthermore, even had Appellant properly preserved this issue for appellate review, his argument fails to acknowledge that trial counsel would have had no basis upon which to inquire as to where he was living and working during the relevant timeframe. Appellant's own testimony at his PCRA hearing revealed he had mistakenly told trial counsel that he had been in juvenile placement at a different address during the time at which the victim had indicated the alleged incidents occurred, and counsel "went off of that." N.T. PCRA Hearing, 3/5/18, at 10-12. As such, counsel cannot be deemed ineffective for failing to believe an investigation of any other witnesses pertaining to where Appellant had been living and working was a relevant consideration prior to trial. *See Commonwealth v. Goodmond*, 190 A.3d 1197, 1203 (Pa.Super. 2018) (citing *Commonwealth v. Lewis*, 560 Pa. 240, 244–45, 743 A.2d 907, 910 (2000) (stating that "[b]ecause appellant gave no indication at the time of his trial that he suffered from brain damage or serious mental illness, his trial counsel and subsequent appellate counsel cannot be ineffective for failing to investigate, discover and present evidence of such brain damage or mental illness)).

In light of the foregoing, we affirm the trial court's Order.

Order affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19

---

[3] This Court is not limited by the trial court's rationale, and we may affirm a valid judgment based upon any reason appearing of record. **Commonwealth v. Moore**, 594 Pa. 619, 652, 937 A.2d 1062, 1081 (2007).