J-S37036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGINALD LEWIS | : | |
| | : | |
| Appellant | : | No. 1544 EDA 2021 |

Appeal from the PCRA Order Entered July 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0205851-1983

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 16, 2022**

Appellant, Reginald Lewis, appeals *pro se* from the order entered on July 14, 2021, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the factual and procedural posture of this case:

> On November 21, 1982, Christopher Ellis was stabbed nine times by a man with a butcher knife in the Oxford Bar located at Oxford and Sixth Streets in Philadelphia.  The patrons of the bar observed the stabbing including the group that was with the victim.  The police showed the witnesses a [photo array] of eight pictures and each of them identified Appellant as the perpetrator.  Police arrested Appellant for shoplifting at Strawbridge and Clothier department store and while he was in custody, he was charged with the murder of Christopher Ellis.
>
> During the jury trial the Commonwealth presented six[] eyewitnesses who identified Appellant as the man who stabbed the victim.  Each of the witnesses [was] familiar with

Appellant from the neighborhood and knew him by his first name. There was testimony that Appellant was [seen] wearing clear lens glasses like the glasses dropped by the perpetrator at the murder scene. A witness testified that before the stabbing Appellant and the victim were arguing over a five [] dollar debt that the victim allegedly owed Appellant. The bartender testified that the perpetrator had been a customer at the bar and that he had a girlfriend, Stephanie[, who] was pregnant and lived on the 1600 block of Marshall Street in Philadelphia. The Commonwealth presented Appellant's [fiancée], Stephanie McCorey, who testified she was pregnant at the time of the incident, and she had previously lived at 1610 North Marshall Street. The bartender also testified that Appellant approached him the next day and told him not to mention Appellant's name regarding the incident. At trial, Appellant claimed he was in San Diego visiting his brother when the crime occurred. Appellant's brother and other witnesses testified that he was in San Diego. . . .

On August 1, 1983, the jury found Appellant guilty of first-degree murder and possession of an instrument of crime. The Commonwealth noted [Appellant's] history of violence during the penalty phase and the defense argued Appellant's youth at the time of the crimes. The jury found one aggravating circumstance and no mitigating circumstances and Appellant was sentenced to death on the first-degree murder [conviction]. On December 22, 1989, the Pennsylvania Supreme Court affirmed [Appellant's] judgment of sentence. [**See Commonwealth v. Lewis**, 567 A.2d 1376 (Pa. 1989)]. . . .

On August 7, 1995, Appellant filed a timely[,] *pro se* PCRA petition. Appellant argued his counsel was ineffective during the guilt[] phase of his trial and was ineffective during jury selection. Counsel was appointed and filed an amended petition and supplemental petitions. Appellant claimed the Commonwealth did not [] provide exculpatory evidence of bus tickets in a briefcase he was carrying when he was arrested thereby violating [**Brady v. Maryland**, 373 U.S. 83 (1963).] On February 7, 1998, the PCRA Court denied the petition and Appellant appeal[ed]. On January 19, 2000, the Pennsylvania Supreme Court affirmed the denial of

Appellant's petition. [*See Commonwealth v. Lewis*, 743 A.2d 907 (Pa. 2000)].

In September 2000[,] Appellant filed for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2254. The District Court denied the petition in part and granted the petition in part[,] granting sentencing relief and both parties appealed. On appeal, the [Third Circuit Court of Appeals] vacated the District Court's order and remanded for an evidentiary hearing on Appellant's penalty[] phase claims. [*See Lewis v. Horn*, 581 F.3d 92 (3rd Cir. 2009)]. On remand[,] the Commonwealth did not contest Appellant's challenge to his capital sentence, and[, on July 9, 2012, the trial court resentenced Appellant to serve a term of life in prison without the possibility of parole].

PCRA Court Opinion, 5/5/22, at 1-3 (footnotes omitted).

Appellant filed the current, *pro se* PCRA petition on August 13, 2019. Within the petition, Appellant acknowledged that the petition was facially untimely under the PCRA's one-year time-bar. However, Appellant claimed that his petition was timely, as two of his claims satisfied exceptions to the time-bar. First, Appellant claimed that his petition was timely under either the newly discovered facts or governmental interference exception to the time-bar, as the Commonwealth failed to disclose certain evidence that would have bolstered his alibi defense. Specifically, during trial, Appellant claimed that he was in San Diego, California on the day of the murder – and, Appellant claimed that, when he was arrested in 1983, the police seized a black briefcase, which contained bus ticket stubs and other papers that proved he was in San Diego on the day of the murder. Appellant claimed that the Commonwealth failed to disclose this exculpatory evidence to him during trial

discovery. ***See*** Appellant's PCRA Petition, 8/13/19, at 25-30; ***see also*** Appellant's Brief at 1-10.

Second, Appellant claimed that his petition was timely under the newly discovered facts exception because Appellant learned that the Honorable D. Michael Fisher, of the Third Circuit Court of Appeals, was on the panel that decided his 2009 case ***Lewis v. Horn***, and which remanded for an evidentiary hearing on Appellant's penalty phase claims. According to Appellant, Judge Fisher should have recused himself from Appellant's case, as he was "the co-author of [Pennsylvania's] death penalty statute" when he acted as the Attorney General of Pennsylvania and was pre-disposed to rule against Appellant. ***See*** Appellant's PCRA Petition, 8/13/19, at 13-16; ***see also*** Appellant's Brief at 11-15.

The PCRA court appointed counsel to represent Appellant during the proceedings. PCRA Court Order, 9/3/19, at 1. However, on April 10, 2021, appointed counsel filed a petition to withdraw as counsel and a no-merit letter, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On June 9, 2021, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing. PCRA Court Order, 6/9/21, at 1-2; Pa.R.Crim.P. 907(1). Appellant responded to the Rule 907 notice and requested that the PCRA court judge recuse himself. ***See*** Appellant's Motion for Recusal, 7/13/21, at 1-3. The PCRA court finally dismissed Appellant's petition on July 14, 2021 and, within the dismissal order,

the PCRA court granted counsel leave to withdraw. PCRA Court Order, 7/14/21, at 1.

Appellant filed a timely notice of appeal from the PCRA court's order. On appeal, Appellant claims the PCRA court erred when it concluded that Appellant's petition was time-barred and the PCRA court judge erred when he did not recuse himself from the case. *See* Appellant's Brief at 1-29.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotations and some citations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. **See** PCRA Court Opinion, 5/5/22, at 4. We agree.

The Pennsylvania Supreme Court affirmed Appellant's judgment of sentence on December 22, 1989. **Commonwealth v. Lewis**, 567 A.2d 1376 (Pa. 1989). Although the federal courts later upended Appellant's death sentence, the federal courts did not disturb Appellant's underlying convictions. **See Lewis v. Horn**, 581 F.3d 92 (3rd Cir. 2009). Therefore, in terms of Appellant's underlying convictions, Appellant's judgment of sentence became final in 1990. **See Commonwealth v. Lesko**, 15 A.3d 345, 366-367 (Pa. 2011) ("[a petitioner's] 'right' to first petition PCRA review is necessarily confined to that part of the final Pennsylvania judgment that was disturbed by the federal *habeas* proceedings. All other aspects of the original judgment remain as before – **final**") (emphasis in original). Moreover, although the federal courts upended Appellant's sentence of death, the trial court resentenced Appellant on July 9, 2012 to serve a term of life in prison without the possibility of parole and Appellant did not file a direct appeal from that resentencing. Therefore, under the PCRA, Appellant's judgment of sentence ultimately became final at the end of the day on August 8, 2012.

Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until 2013 to file a PCRA petition relating to his resentencing. **See Lesko**, 15 A.3d at 366-367. Appellant's current petition, which was filed on August 13, 2019, is patently

untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly discovered facts" and "governmental interference" exceptions to the time-bar. These statutory exceptions provide:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
> >
> > . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Regarding the newly discovered evidence exception, our Supreme Court has explained:

> subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke either exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *See Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "one year requirement" of section

9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

First, Appellant claims that his petition satisfies both exceptions to the time-bar because he pleaded that, on the day he was arrested in 1983, the police seized from him a black briefcase, which contained bus ticket stubs and other papers that proved he was in San Diego on the day of the murder. Further, Appellant claimed that the Commonwealth failed to disclose this exculpatory evidence to him during discovery. ***See*** Appellant's PCRA Petition, 8/13/19, at 25-30; ***see also*** Appellant's Brief at 1-10.

Appellant's claim does not satisfy either the newly discovered fact or governmental interference exception to the time-bar because, if true, Appellant has been aware since 1983 that his black briefcase contained such evidence. Therefore, Appellant's claim fails under either exception, as Appellant cannot establish that "the information could not have been obtained earlier with the exercise of due diligence." ***See Abu-Jamal***, 941 A.2d at 1268; ***Bennett***, 930 A.2d at 1272.

Appellant also claims that his petition is timely because, in 2009, the Honorable D. Michael Fisher was on the panel that decided his appeal in the Third Circuit Court of Appeals. According to Appellant, Judge Fisher should have recused himself from Appellant's case, as he was "the co-author of [Pennsylvania's] death penalty statute" and was pre-disposed to rule against

Appellant. *See* Appellant's PCRA Petition, 8/13/19, at 13-16; *see also* Appellant's Brief at 11-15.

Again, Appellant's claim fails, as Appellant knew in 2009 that Judge Fisher was on the panel that decided his appeal. Thus, Appellant's claim does not fall under either the newly discovered fact or governmental interference exception to the PCRA's time-bar, as Appellant cannot establish that "the information could not have been obtained earlier with the exercise of due diligence." *See Abu-Jamal*, 941 A.2d at 1268; *Bennett*, 930 A.2d at 1272.

Finally, Appellant claims that the PCRA court judge erred when he did not recuse himself from Appellant's case. We review a trial court's decision to deny a motion to recuse for an abuse of discretion. *Vargo v. Schwartz*, 940 A.2d 459, 471 (Pa. Super. 2007). Our review of a trial court's denial of a motion to recuse allows for deference to the trial court's decision on the matter. *Id.* ("we extend extreme deference to a trial court's decision not to recuse"). In *Commonwealth v. Harris*, 979 A.2d 387, 391–392 (Pa. Super. 2009), this Court stated, "[w]e recognize that our trial judges are 'honorable, fair and competent,' and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially." *Harris*, 979 at 391–392 (citations and some quotation marks omitted). Thus, a trial court judge should grant the motion to recuse only if a doubt exists as to his or her ability to preside impartially or if his or her impartiality can be reasonably questioned. *In re Bridgeport Fire Litigation*, 5 A.3d 1250, 1254 (Pa. Super. 2010).

In order to prevail on a motion for recusal, the party seeking recusal must "produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***In re S.H.***, 879 A.2d 802, 808 (Pa. Super. 2005) (quotation marks and citations omitted).

Within Appellant's petition and appellate brief, Appellant levies general accusations against the PCRA court judge. ***See*** Appellant's Brief at 16-17. However, Appellant does not explain how these general accusations could have rendered the PCRA court judge unable to preside impartially over Appellant's specific case. Thus, Appellant's claim on appeal necessarily fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2022

- 11 -